UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW B. DUMKE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SOUTHSIDE REALTY INVESTMENTS, LLC<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-0935-GPC-LL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[Dkt. No. 25.]** |

Before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. No. 25.) Defendant filed an opposition and Plaintiff replied. (Dkt. Nos. 27, 29.) Based on the reasoning below, the Court GRANTS Plaintiff's motion for leave to file an amended complaint.

## Background

On May 19, 2020, Plaintiff Andrew Dumke ("Plaintiff") filed a complaint against Southside Realty Investments, LLC ("Defendant") alleging state law claims for (1) wrongful injury to trees, (2) trespass, (3) nuisance, (4) ejectment, and (5) quiet title. (Dkt. No. 1, Compl. ¶¶ 18-52.) Plaintiff is the owner of real property located at 2052 Via Casa Alta in La Jolla, California. (*Id.* ¶ 8.) Defendant is the owner of real property located at 2042 Via Casa Alta in La Jolla, California which is adjacent to Plaintiff's property. (*Id.* ¶ 9.)

Since October 2003, Defendant has attempted to remodel the existing single-family residence located on the property which has progressed in fits and starts but the progress of the remodel of the home progressed more rapidly over the past three years and appears to be near completion. (*Id.* ¶¶ 11, 12.)

According to the complaint, Plaintiff's property included a climbing fig, *Ficus Pumila,* hedge ("Ficus Hedge"), that ran along the boundary between Plaintiff and Defendant's properties. (*Id.* ¶ 10.) The Ficus Hedge afforded both owners a screen between the properties so each could enjoy some privacy. (*Id.*) Plaintiff alleges during the remodel, laborers of Defendant entered Plaintiff's property without his permission and trimmed and cut the branches of the Ficus Hedge which destroyed the privacy between the two properties. (*Id.* at ¶¶ 12, 13.) Plaintiff also alleges Defendant continued to trespass on Plaintiff's property in the course of Defendant's remodel by running heavy equipment along the length of the Ficus Hedge, storing construction debris, materials, and waste on his property, and dug a trench on his property. (*Id.* at ¶ 14.) Further, Plaintiff asserts Defendant constructed a capped wall in which a seven-inch portion was built on Plaintiff's property and in the City of San Diego's right of way. (*Id.* ¶ 15.)

Defendant filed an answer and counterclaim on July 17, 2020. (Dkt. No. 9.) On August 6, 2020, Plaintiff filed an answer to the counterclaim. (Dkt. No. 12.) On September 4, 2020, the Magistrate Judge issued a scheduling order designating a deadline of November 13, 2020 to file any motions to amend the pleadings. (Dkt. No. 18.)

On November 12, 2020, Plaintiff timely filed a motion for leave to file an amended complaint ("FAC"). (Dkt. No. 25.) Plaintiff seeks to add a cause of action that Defendant violated the California Coastal Act ("CCA") due to the manner in which Defendant constructed its home. (*Id.* at 7.[1]) Defendant filed its opposition[2], (Dkt. No.

---

[1] Page numbers are based on the CM/ECF pagination.
[2] Defendant also argues that the City of San Diego has reviewed Defendant's permits, revisions, and plans, and the City should have the opportunity to perform its regulatory functions in order to determine

27), and Plaintiff replied.  (Dkt. No. 29.)

## Discussion

### A. Federal Rule of Civil Procedure 15

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).  Granting leave to amend rests in the sound discretion of the trial court.  *See Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F. 2d 1386, 1390 (9th Cir. 1985).  This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality."  *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbot Labs.,* 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).  In assessing the propriety of an amendment, courts consider five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment.  *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011).  The *Foman* factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, *DCD Programs*, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied.  *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999).  The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment.  *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 668 F.2d 1014, 1053 (9th Cir. 1981).

---

Defendant's compliance. (Dkt. No. 27 at 4-5.)  If Defendant wishes to seek a stay, it may do so through a motion and not through an opposition to the FAC.

### B. Analysis

Plaintiff moves to add a claim under the CCA after it further investigated Defendant's construction activities and argues that the *Foman* factors support his motion. (Dkt. No. 25.) Defendant responds that the motion for leave to amend is sought in bad faith, will prejudice Defendant, and the amendment would be futile.

#### i. Undue Delay

Defendant does not argue that Plaintiff's motion was unduly delayed. Because the motion was filed before the deadline imposed by the scheduling order, the Court finds that there is no showing of undue delay.

#### ii. Bad Faith

Defendant suggests that Plaintiff is acting in bad faith by "using the FAC to force Southside to incur extensive legal fees and capitulate to Plaintiff's settlement demands." (Dkt. No. 27 at 5.) Plaintiff contends that he has a good faith belief Defendant has violated the CCA, which provides a private right of action. (Dkt. No. 25 at 9.)

Bad faith is shown when "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace AM. Grp., Inc.,* 170 F.3d 877, 881 (9th Cir. 1999) (citations omitted).

Here, Defendant provides no legal authority that incurring additional legal fees to defend added claims constitute bad faith. In fact, one court has rejected such an argument. *See Knature Co., Inc. v. Duc Heung Group, Inc.,* Case No. CV 20-3877-DMG (AFMx), 2020 WL 7231119, at *2 (C.D. Cal. Oct. 29, 2020) (rejecting bad faith argument that the "case is small and damages are none or little" and the amendment is merely designed to expand the case and incur additional costs). Here, Defendant has failed to show that bad faith or dilatory motive underlies Plaintiff's request to amend. *See Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion").

### iii. Prejudice

Defendant appears to argue prejudice maintaining that an FAC would significantly expand litigation, thereby increasing litigation costs, despite the parties' extensive settlement discussions. (Dkt. No. 27 at 4-5.) Plaintiff disagrees.

Courts have typically found that the "prejudice factor" under Rule 15 "carries the greatest weight." *Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048 1051 (9th Cir. 2003). Substantial prejudice exists when the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *SAES Getters S.p.A. v. Aeronex, Inc.,* 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). But "neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco Thermal Controls LLC v. Redwood Industrials,* No. C 06-07164 JF (RS), 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009) (citing *Genentech, Inc.,* 127 F.R.D. at 530-32); *see also Nissou-Rabban v. Capital One Bank (USA), N.A.,* 285 F. Supp. 3d 1136, 1145 (S.D. Cal. 2018) (opining that the "expenditure of additional monies or time do not constitute undue prejudice."). In addition, courts have often held that no prejudice exists when motion for leave to amend is brought "at an early stage in the proceedings." *SAP Aktiengesellschaft v. i2 Techs., Inc.,* 250 F.R.D. 472, 474 (N.D. Cal. 2008).

Here, Defendant has not demonstrated prejudice and its reliance on *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.,* No. 1:08-CV-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. 2011) is not persuasive. (Dkt. No. 27 at 4.) In *BNSF Ry. Co.*, the defendant sought leave to amend the counterclaim at the close of discovery and the court concluded that it could have filed the motion earlier and unduly delayed in seeking leave to amend. *Id.* at *3. Therefore, the court found prejudice to the plaintiff stating that allowing the amendment would result in the re-opening of discovery where "the scope of discovery . . . was nationwide, requiring attorneys for both parties to travel substantial distances and expend substantial time to depose witnesses and to secure other discovery." *Id.* at *4

("Discovery or other litigation costs become prejudicial only when the additional costs could easily have been avoided had the proposed amendments been included within the original pleading.").

This case is in its early stages and the motion for leave to amend was timely filed under the scheduling order. Further, the proposed amendment does not resemble the sort of "radical shift in direction… tenuous nature, and the inordinate delay" that the Ninth Circuit has found prejudicial. *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). Accordingly, the Court concludes that Defendant has not borne its burden of showing that granting leave to amend will result in prejudice.

### iv. Futility

As Plaintiff posits, and this Court agrees, that although Defendant has not directly argued that the FAC would be futile, its citation to Ronnie Aliezer's declaration seems to suggest otherwise. (Dkt. No. 27 at 2.) Ronnie Aliezer, as a managing member of Defendant, states that he "informed and believe[s] [defendant's] development complies with all applicable regulations." (Dkt. No. 28.) Plaintiff replies that the declaration raises a disputed issue of fact based on information and belief and does not address whether the amendment would be futile. (Dkt. No. 29.)

Amendments can be considered futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense." *Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted). Examples of futile amendments include those that are "duplicative of existing claims or patently frivolous." *Murray v. Schriro,* 745 F.3d 984, 1015 (9th Cir. 2014). In other words, district courts have held than an amendment is futile "only if it would *clearly* be subject to dismissal." *SAES Getters S.P.A. v. Aeronex, Inc.,* 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (emphasis added).

Here, Defendant only disputes the merits of the CCA claim without demonstrating that no set of facts could be proven to support a CCA claim or that such a claim is legally not cognizable. Moreover, denial of leave to amend for futility is disfavored since courts

typically defer consideration on the merits until after an amended pleading has been filed. *See, e.g., Green Valley Corp. v. Caldo Oil Co.,* No. 09-CV-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. 2011) (pointing out that there is a "general preference against denying a motion for leave to amend based on futility"); *Allen v. Bayshore Mall,* 12-CV-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.") (internal quotations omitted). Accordingly, Plaintiff has failed to demonstrate futility.

Overall, the *Foman* factors weigh in favor of permitting Plaintiff to amend his complaint. Given the strong federal policy favoring amendments due to a preference for resolving cases on the merits, *DCD Programs, Ltd.*, 833 F.2d at 186, the Court GRANTS Plaintiff's motion for leave to file an amended complaint.

### Conclusion

Based on the above, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. Plaintiff shall file an amended complaint within five (5) days of the Court's order. The hearing set on January 29, 2021 shall be **vacated.**

**IT IS SO ORDERED.**

Dated: January 22, 2021

Hon. Gonzalo P. Curiel
United States District Judge